HENRY ETHERINGTON, as Administrator, etc., Respondent, *v.*
THE PROSPECT PARK AND CONEY ISLAND RAILROAD COM-
PANY, Appellant.

(Argued January 24, 1882 ; decided February 7, 1882.)

THE nature of this action and the facts are stated in the
opinion, which is given in full.

EARL, J.   This action was brought against the defendant to
recover damages for negligently causing the death of plaintiff's
intestate.   The intestate was an infant daughter of the plaint-
iff, two years old, and on the 24th day of June, 1880, was run

over by one of the defendant's cars in one of the public streets of the city of Brooklyn and killed. The defendant claims that there was contributory negligence on the part of the father of the infant, and that it was free from negligence; and hence that the plaintiff should have been nonsuited at the trial. We have carefully looked into the evidence and we are satisfied that upon the questions of negligence on both sides there was conflicting evidence, to be submitted to the jury, and their decision thereon in favor of the plaintiff is conclusive upon us.

The case contains various exceptions, but two of which we deem it important particularly to notice. In the portion of his charge to the jury which related to the alleged contributory negligence on the part of the plaintiff, the father of the intestate, the judge said this: "You will recollect that this railroad was on the public street, and *prima facie* all persons have a right to be on the street for all lawful purposes (and the fact that this is a public street and that all persons, old and young, adults and infants, have a right to be on the same ought to impose upon the driver and conductor of a street car extraordinary vigilance in looking out for dangers and guarding against accidents and injuries to persons and things)." To the portion of the charge within the parentheses the counsel for the defendant excepted, and it is now claimed that the exception was well taken. It will be observed that the judge did not charge as a rule of law that the driver and conductor of a street car was bound to exercise extraordinary vigilance in looking out for dangers and guarding against accidents and injuries, but that the facts to which he alluded ought to impose upon the driver and conductor of a street car such a degree of vigilance. This was a mere passing remark, made when he was not charging in reference to defendant's negligence. The attention of the judge was not in any way called to the word "extraordinary," which is now complained of. If that was the particular ground of complaint it should have been specified. It may well be doubted whether the drivers and conductors of street cars are legally bound to exercise extraordinary vigilance. (*Unger* v. *The Forty-second Street and Grand Street Ferry R. R. Co.*, 51 N. Y. 497; 1 Thompson on Negligence, 392.) We are also inclined to think that if any error was committed in the

portion of the charge referred to, it was substantially cured by the charge as requested by the counsel for defendant, that "if the driver was paying attention to his horses, and had control of them and his car, and was looking out and attending to his business, and did not see the child in time to stop the car before running over it, then he was not guilty of negligence and the company is not liable." That was the only rule which counsel for the defendant asked the court to lay down, and it gave the jury a plain rule applicable to the facts of the case, which they must have understood and by which we must assume they were guided in reaching their verdict. If the counsel for defendant desired a plainer rule or fuller charge in reference to defendant's negligence he should have requested it.

After the judge had charged that nothing could be recovered under the act of 1847 by the plaintiff for injury to the feelings of the next of kin, but that the recovery must be merely to compensate them for the pecuniary injury, and that the plaintiff was entitled to recover the loss in money which the next of kin had sustained by the death of the child, he added a portion, which defendant's counsel excepted to, as follows : "And yet the jury will see that there is no way to ascertain mathematically what that damage would be, it necessarily must be to a great extent speculative, and the only thing the legislature has done to help out a jury in this matter is to limit the amount beyond which they cannot go." And he also charged as follows: "I don't know any thing to control or fix the ground of your verdict in this way, except it is your good judgment and the statute which limits the recovery in all cases to five thousand dollars," and this was excepted to. He charged the jury that their verdict must represent the judgment of the jury as to the amount the death of the child had injured pecuniarily the next of kin. He also charged, at the request of counsel for the defendant, that "if the jury find a verdict for the plaintiff at all, it can only find a verdict for the pecuniary injury resulting to the next of kin by the death of the child;" "nothing can be allowed for in damages which is not of a definite pecuniary value." "In esti-

mating the damages, in case the jury should find a verdict for the plaintiff, they must take into account the age and sex of the deceased." "The jury in estimating damages, if they find for the plaintiff, must take into account the social condition and standing of the next of kin of deceased and the probability of their sustaining any pecuniary damage by her death." "The sufferings of the deceased person from the injuries, the grief and distress of her relatives, nor the loss of her society cannot be taken into account in estimating damages."

Taking the whole charge upon the subject of damages it was certainly fair and just to the defendant, and subject to no legal exception.

After considering all the exceptions we are of the opinion that no error was committed, and that the judgment should be affirmed, with costs.

*John H. Bergen* for appellant.

*Stephen B. Jacobs* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.

